EDOK - Search Warrant (Revised 5/13)  ORIGINAL

# United States District Court
### EASTERN DISTRICT OF OKLAHOMA

In the Matter of the Search of 25376 State Highway 51, Wagoner, OK 74467

Case No. 22-MJ-288-GLJ

## SEARCH AND SEIZURE WARRANT

**TO:** ANY AUTHORIZED LAW ENFORCEMENT OFFICER

An application by a federal law enforcement office or an attorney for the government request the search of the following person or property located in the **EASTERN** District of **OKLAHOMA** *(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT "A-3"**

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT "B"**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE HEREBY COMMANDED** to execute this warrant on or before November 11, 2022
*(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10:00 p.m.
☐ at anytime in the day or night as I find reasonable cause has been established

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge .

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer after executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check)*:
  ☐ for _____ days *(not to exceed 30)*.
  ☐ until, the facts justifying, the later specific date of

Date and time issued:  October 28, 2022

_____
Judge's signature

City and state:  Muskogee, Oklahoma

GERALD L. JACKSON
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

# RETURN

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|
| 22-MJ-288-GLJ | November 2, 2022 | Posted at Property Location |

Inventory made in the presence of:
SA Ryan Belcher

Inventory of the property taken and name of any person(s) seized:

1. 2x Apple MacBook Laptops
2. Compaq Laptop
3. HP Laptop
4. Lenovo Laptop
5. American Tactical GSG Pistol
6. Beretta APX Pistol
7. Century Arms TP9SFX Pistol
8. Century Armsa VKSA Pistol
9. FN Five-Seven Pistol
10. Kimber Pistol
11. PSA PA-15 Pistol
12. Ruger 57 Pistol
13. S&W SD40 Pistol
14. S&W SW40VE Pistol
15. Taurus G2C Pistol
16. PSA PA-15 Rifle Lower Receiver
17. Anderson AM-15 Rifle
18. Radical RF-15 Rifle
19. Unknown Brand Rifle
20. $700,000 US Currency
21. Motorola Cellphone
22. 2x iPhones
23. Bank Receipt
24. Check
25. Financial Documents
26. Ledger / Invoices
27. Receipt
28. AR Industries De-Canner & Compressor
29. Bobcat T770 AT6334043 w/ Bucket
30.

## CERTIFICATION

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 12/09/2022

*Executing officer's signature*

Kansas Core, Task Force Officer
*Printed name and title*

## ATTACHMENT A-3

### Property to be Searched

The property to be searched is a single-family residence, and including outbuildings and vehicles on the curtilage premises, and other land, vacant or otherwise within the boundaries of each stated property location premises, and electronic devices contained therein, referred to as the Biby Residence, and further described as located within the 25300 block of State Highway 51. The residence to be searched is on the south side of State Highway 51.

The residence's driveway from State Highway 51 is gated and consists of gravel. The residence's driveway splits in to two different roadways, one of which is to the west, and leads to the separate Johnson Residence, described in Attachment A-5, while the other leads to the east and to the residence to be searched. The residence to be searched is designated within the boundaries of a 5-acre sub-plot, within the larger approximate 147-acre plot. The residence to be searched is a single-story residence, constructed of light-colored brick, with white or beige colored trim, dark guttering, and a white colored chimney. The residence to be searched has a front door which faces to the west, which is connected by a concrete pathway to the driveway which ends to the north of the residence, and an enclosed attached garage. The residence to be searched has a covered rear patio, which faces to the east, and an in-ground swimming pool, and a wooden and metal paneled fence encompassing the backyard to the east of the residence.

The location to be searched includes the larger remaining 147-acre plot, including all outbuildings, including sheds, barns, grain silos, and other structures, vacant lands and wooded areas, and all other curtilage, vehicles, apparatuses, and areas within the boundaries, with to include the secondary Johnson Residence, separately described in Attachment A-5 located immediately adjacent to the west of the residence to be searched. There is a residence of unknown

occupancy, which is described to be a mobile home, with driveway affixed to South 250 Road, located on the southwest portion of the property boundaries, and to the south of the Curtis Residence described in Attachment A-2 which is not to be searched.

The northern boundary of the property to be searched is the curtilage which adjoins Highway 51. The southern boundary of the residence is approximately 2,500 feet to the south of the property's northern curtilage which adjoins State Highway 51. The southern boundary consists of a wood-line of trees. The eastern boundary of the property to be searched is approximately 200 feet to the west of the residence to be searched, which is indicated by the physical reference point of the residence's backyard fence-line, and spans between both the north and south boundaries. The western boundary of the premises to be searched is South 250 Road, excluding the separate Curtis Residence, described hereupon in Attachment A-2, and the second unknown residence located to the south of the Curtis Residence. The property to be searched is more commonly referred to as 25376 State Highway 51, Wagoner, Oklahoma, 74667, within Wagoner County, and located within the Eastern District of *Oklahoma*.

   a. *Biby Residence - Aerial View*



b. *Biby Residence - Aerial Front View*



The **Curtis Residence** (A-2) is noted within the approximate boundary of the light blue box in the below image. The **Biby Residence** (A-3) is noted within the approximate boundary of the yellow box in the below image. The **Johnson Residence** (A-5) is noted within the approximate boundary of the green box in the below image. The overall approximate boundaries of the **Family Trust** of the Floyd R. Jones and Marclyn Jones Living Trust is indicated by the dark blue box. The **Unknown Residence**, not believed to be associated and not to be searched is marked within the boundaries by red.



*a. Curtis Residence - Front View (West Side)*



*b. Curtis Residence - Aerial View*



## ATTACHMENT B

### Particular Things to be Seized

All items that constitute evidence, instrumentalities, contraband, and/or fruits of violations of Title 18, United States Code, Section 1952 (Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprises); Title 18, United States Code, Section 1956(a)(1)(A)(i) (Laundering of Monetary Instruments); Title 18, United States Code, Section 1957(a) (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity); Title 18, United States Code, Section 2314 (Transportation of Stolen Goods); Title 18, United States Code, Section 1343 (Wire Fraud); Title 21, United States Code, Section 841 (Possession of a Controlled Substance with Intent to Distribute); and Title 18, United States Code, Section 922(g) (Possession of a Firearm or Ammunition by a Prohibited Person), involving subjects **Tyler Curtis, Reiss Curtis, Kimberly Biby, Thomas Biby, Ryan LaRue, Brian Thomas, Shane Minnick, Parker Weavel, Michael Rhoden,** and others, and any other co-conspirators, agents, contractors, or criminal associates, including:

  a. Any and all stolen goods such as automotive parts, including catalytic converters, and associated materials, to include catalyst material in a loose powder form, oxygen sensors, and other items that have been utilized in furtherance of the continued criminal activities described in this affidavit;

  b. Any and all proceeds, monetary and negotiable instruments connected to the ongoing criminal activity and **Target Offenses**, to include but not limited

to U.S. Currency, cashier's checks, foreign currencies, blank checks, or checks made out to "cash," and precious metals such as gold and silver bars;

c. Documents, records, or correspondence pertaining to the possession, sale, theft, and transportation of catalytic converters.

d. Documents, records, or correspondence, pertaining to shipping, receiving, purchasing, and selling of fraudulently acquired or stolen catalytic converters through interstate commerce via private or public means across state or international boundaries, such as records of the United States Postal Service, FedEx, UPS, contracted freight shippers, and private shippers.

e. Ledgers, both digital and physical, as well as other documents reflecting purchases and sales of stolen goods involving **Subjects**, or their co-conspirators, to include, records of transactions, sources, customers, and other tangible items evidencing the obtaining, secreting, transfer and/or concealment of assets and/or money obtained through or used in the transportation, distribution, and sales, of the **Target Offenses**, including but not limited to money ledgers, buyers lists, seller lists, recording of sales and any corresponding records of account receivable, money paid or received, drugs supplied or received, cash received to be paid for stolen or illegal activities or intended to be paid for illegal activities, whether in paper form or electronically stored data on computer discs, cellular telephones, or other storage media;

f. Payments records, deposit records, delivery and shipping schedules, contracts, and other records showing the services and payments related to stolen catalytic converters made to persons providing services on behalf of or to the **Subjects**, or their co-conspirators.

g. Bank and brokerage account monthly statements, opening records, checks, wire transfers, check registers, cancelled checks, deposit tickets, and records of transfer related to the sale, purchase or shipment of stolen catalytic converters, and the laundering of money and financial assets, or other **Target Offenses**, associated with the **Subjects**, or their co-conspirators.

h. Invoices, purchase orders, credit card information, wire transfers, payments, account statements, and financial records related to the sale, purchase or shipment of catalytic converters, or other **Target Offenses** related to the **Subjects**, or their co-conspirators.

i. All computers, tablets, hard drives and electronic storage devices, and computer equipment capable of containing evidence related to the **Target Offenses**, including the sale, possession, purchase, or transportation of stolen catalytic converters, controlled, or possessed by the **Subjects**, or their co-conspirators;

j. Including cellular telephones, and other electronic mobile devices, and the electronically stored data on cellular telephones or other electronic storage devices, such as PDA's or electronic organizers;

3

k. Electronic memory chips or storage chips or SIM cards used in cellular telephones and the data and information stored thereon. Computers and data storage devices including discs, drives, CD's and DVD's and the electronically stored data thereon.

  a. Computer equipment, including any electronic devices that are capable of collecting, analyzing, creating, displaying, converting, storing, concealing, or transmitting electronic, magnetic, optical, or similar computer impulses or data. These devices include but are not limited to any data processing hardware (such as central processing units, memory typewriters, and self-contained "laptop", "notebook", or "table" computers); internal and peripheral storage devices (such as laser disks, fixed disks, external hard disks, floppy disk drives and diskettes, tape drives and tapes, optical storage devices, and other memory storage devices); peripheral input/output devices (such as keyboards, printers, scanners, plotters, video display monitors, and optical readers); and related communications devices (such as modems, cables and connections, recording equipment, RAM or ROM units, acoustic couplers, automatic dialers, speed dialers, programmable telephone dialing or signaling devices, and electronic tone-generating devices); as well as any devices, mechanisms, or parts

4

that can be used to restrict access to such hardware (such as physical keys and locks);

b. Information, instructions, programs or program code, stored in the form of electronic, magnetic, optical, or other media which are capable of being interpreted by a computer of its related components, data, data fragments or control characters integral to the operation of computer software, operating system software, applications software, utility programs, compilers, interpreters, communications software, and other programming used or intended for use to communicate with computer components;

c. Any written, recorded, printed or electronically stored material which explains or illustrates the configuration or use of any seized hardware, software, or related item;

d. Devices, programs, or data whether themselves in the nature of hardware of software that can be used or is designed for use to restrict access to or facilitate concealment of any computer hardware, computer software, computer-related documentation, electronic data, records documents, or materials within the scope of this application, any data security hardware (such as any encryption devices, chips, and circuit boards), passwords, data security software of information (such as test keys and encryption

5

       codes), and similar information that is required to access computer or data or to otherwise render programs or data into a useable form;

    e. Any information stored in the form of electronic, magnetic, optical, or other coding on computer media or on media capable of being read by a computer or computer related equipment. This media includes but is not limited to any fixed disks, servers, external hard disks, removable hard disk cartridges, floppy disk drives and diskettes, tape drives and tapes, optical storage devices, laser disks, or other memory storage devices;

l. Documents showing ownership of real or personal property of the **Subjects**;

m. Items of personal property tending to establish the existence of the conspiracy related to the **Target Offenses** including but not limited to personal telephone bills, photographs and documents and other items reflecting names, addresses, telephone numbers, and communications;

n. Materials, equipment, or machines used for distributing, packaging, and weighing stolen property and, and equipment and materials used in the building or using of concealed compartments, commercial shipments, or other methods of interstate transportation of stolen goods;

o. Articles of personal property tending to establish the ownership of the property in question, including telephone, rent receipts, keys, utility company receipts, papers, documents, letters and cancelled mail envelopes;

p. Records of mail and communication services for cellular telephones and other communication devices which evidence the participation listed **Target Offenses**;

q. Records and items reflecting travel for the purpose of participation in listed **Target Offenses** including passports, airline tickets, vehicle rental receipts, credit card receipts, hotel and restaurant receipts, cancelled checks, maps and records of long distance calls reflecting domestic and foreign travel;

r. Any and all appointment calendars;

s. Bank statements, loan applications, money drafts, letters of credit, money orders, cashier's checks, bank checks, safety deposit box keys, vault keys, safes, any and all documents relating to banking activities and other financial transactions including the purchase of real estate and documents showing ownership of real estate;

t. Records relating to employment, wages earned and paid and other compensation records. Records relating to local, state and federal personal and business income, sales and service taxes, including but not limited to, computations, notes and records used for tax purposes;

u. Evidence of proceeds including items relating to maintaining, secreting, gathering or liquidating proceeds obtained through **Target Offenses**, particularly: financial records of withdrawals, funds of transfers, purchases, sales, transfers of assets or consolidation of assets. Liquid assets or evidence of them including currency, bank statements, money drafts, letters of credit, money orders, cashier's checks, pass books, precious metals and jewelry, and documents relating to safe deposit boxes, stocks, bonds and other financial instruments;

v. Evidence of the expenditure of money for the purchase of vehicles or evidence establishing an ownership interest in vehicles, including certificates of title, vehicle tag records, photographs and receipts of vehicle transactions;

w. Any and all firearms, arms, or weapons, that have been used in the ongoing criminal activities, or otherwise possessed by prohibited persons, whether sold, purchased, or used in the commission of the purchase and sale of stolen property and wares, to include protection from robbery or any other illegal use, to include accessories, and ammunition;

x. Any and all controlled dangerous substances, or drugs, including marijuana, possessed, stored, concealed, or otherwise maintained in nexus to or within the proximity of located firearms, or with an identifiable association to the possession, use, concealment, or otherwise possession of firearms.